UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
------------------------------------------------------------------------ X
LISA TKAL, as Administrator of the Estate of
Christopher Tkal,

                                        Plaintiff,

                -against-

NEW HAMPSHIRE STATE TROOPER NOAH SANCTUARY, in his individual capacity, NEW HAMPSHIRE STATE TROOPER ANTHONY LAPLACA, in his individual capacity, and JOHN DOES #1-20 (fictitiously named), in their individual capacities,

                                        Defendants.
------------------------------------------------------------------------ X

**DOCKET NO.:**

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff LISA TKAL, as Administrator of the Estate of Christopher Tkal, by her attorneys, Horn Wright, LLP, complaining of Defendants NEW HAMPSHIRE STATE TROOPER NOAH SANCTUARY, in his individual capacity, NEW HAMPSHIRE STATE TROOPER ANTHONY LAPLACE, in his individual capacity, and JOHN DOES #1-20 (fictitiously named), in their individual capacities, alleges as follows:

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which Plaintiff LISA TKAL, as Administrator of the Estate of Christopher Tkal ("Plaintiff") seeks relief from Defendants NEW HAMPSHIRE STATE TROOPER NOAH SANCTUARY in his individual capacity ("SANCTUARY"), NEW HAMPSHIRE STATE TROOPER ANTHONY LAPLACA in his individual capacity ("LAPLACA"), and JOHN DOES #1-20 (fictitiously named), in their individual capacities ("DOES") for committing acts under color of law and depriving Plaintiff of rights secured under

1

42 U.S.C. § 1983 grounded in rights secured to her under the Fourth and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff alleges that Defendants engaged in unlawful conduct. Specifically, during the course of responding to a domestic call, Defendants used excessive force. All acts were committed under the color of law and deprived Plaintiff of rights secured to her under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3. Defendants, without justification or any reason except an intent to deprive Plaintiff of her rights, assaulted and battered Plaintiff's decedent. Said use of unjustified force on Plaintiff's Decedent Christopher Tkal ("Decedent") deprived her of her civil and Constitutional rights.

4. Plaintiff seeks damages, both compensatory and punitive, award of costs, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned Constitutional provisions.

## VENUE

6. Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the Town of Walpole, County of Cheshire and the actual place of employment of the individually named Defendants and Doe Officers is within the County of Cheshire in the State of New Hampshire. The events surrounding this lawsuit occurred in the Town of Walpole, in the District of New

Hampshire. Additionally, Plaintiff, at the time of the incident, resided within the Town of Walpole in the District of New Hampshire.

## THE PARTIES

7. Plaintiff LISA TKAL is a resident of the United States who lives within the District of New Hampshire and is the duly appointed Administrator for the Estate of Christopher Tkal.

8. Upon information and belief, at all relevant times described herein, Defendant NEW HAMPSHIRE STATE TROOPER NOAH SANCTUARY is a state trooper who is being sued in his individual capacity. At all relevant times described herein, SANCTUARY was acting under color of state law within the scope of his employment as a state trooper.

9. Upon information and belief, at all relevant times described herein, Defendant NEW HAMPSHIRE STATE TROOPER ANTHONY LAPLACE is a state trooper who is being sued in his individual capacity. At all relevant times described herein, LAPLACE was acting under color of state law within the scope of his employment as a state trooper.

10. Upon information and belief, at all relevant times described herein, Defendant JOHN DOES #1-20 (fictitiously named) are law enforcement individuals who were present at the location when the events described herein took place, who are being sued in their individual capacities. At all relevant times described herein, DOES were acting under color of state law within the scope of their employment as state troopers and/or police officers/deputy sheriffs.

## FACTUAL ALLEGATIONS

11. On or about February 19, 2022, at 11:30 p.m., SANCTUARY responded to a dispatcher's report about a 911 call and arrived on scene at 1461 County Road, Walpole, NH.

12. Shortly after SANCTUARY's arrival, LAPLACA also arrived on scene.

13. At that time, Plaintiff's Decedent, Christopher Tkal, was present inside the house at the above-mentioned premises.

14. While Plaintiff's Decedent was inside the backroom attached to the garage, at approximately 12:06 a.m., he was shot and killed by Defendant SANCTUARY, who fired through the garage door.

15. Defendant SANCTUARY fired his weapon in complete disregard to the safety of Plaintiff's Decedent and without justification.

16. At all relevant times, Plaintiff's decedent did not threaten use of a weapon.

17. At all relevant times, Plaintiff's Decedent did not use or exhibit any force whatsoever towards Defendants.

18. As a result of Defendant SANCTUARY'S use of unlawful deadly force, Plaintiff's Decedent was caused to suffer extremely severe pain and discomfort. Plaintiff's Decedent, without justification, was shot by Defendant SANCTUARY.

19. That the injuries Plaintiff suffered were caused solely by the conduct of Defendants and Plaintiff and/or Plaintiff's Decedent in no way contributed to or caused the injuries he suffered.

20. The conduct of Defendants was the proximate cause of Plaintiff's injuries.

21. The injuries suffered by Plaintiff are permanent in nature.

**FIRST COUNT**
**(42 U.S.C. § 1983 - Excessive Force – as against Defendant SANCTUARY)**

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

23. Plaintiff's Decedent was shot and brutalized by Defendant SANCTUARY in the absence of any need for such application of deadly force.

4

24. Defendant SANCTUARY subjected Plaintiff's Decedent to excessive deadly force while acting in the scope of his employment as a police officer. Such force was objectively unreasonable under the circumstances then existing and caused Plaintiff to suffer serious and permanent physical injuries.

25. Plaintiff has suffered significant and substantial damages as a result of all of the aforementioned conduct of Defendant SANCTUARY.

26. As a proximate result of Defendant SANCTUARY'S actions, Plaintiff's Decedent was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

### SECOND COUNT
### (42 U.S.C. § 1983 - Failure to Intervene – as against All Defendants)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

28. Defendants had an affirmative duty to intervene to prevent the violation of Plaintiff's Decedent's Constitutional rights.

29. Defendants failed to intervene to protect Plaintiff's Decedent from the egregious violation of his Constitutional rights, despite having a realistic opportunity to do so.

30. That, as a result of Defendants' conduct and failure to intervene, Plaintiff's Decedent's Constitutional rights were violated.

31. Plaintiff has suffered damages as a result of Defendants' impermissible conduct.

32. As a proximate result of Defendants' actions, Plaintiff's Decedent was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## JURY DEMAND

33. Plaintiff demands a Trial by Jury of all causes of action so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Under the First Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

B. Under the Second Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

C. Costs and disbursements of this action; and

C. Such other and further relief as the Court deems just and proper.

Dated: Manchester, New Hampshire
December 20, 2024

Respectfully submitted,<br>
**HORN WRIGHT, LLP**<br>
*Attorneys for Plaintiff*

By:    /s/*Ron F. Wright*
Ron F. Wright, Esq.
814 Elm Street, Suite 402
Manchester, NH 03101
Ph: 603.552.5656
rfw@hornwright.com